**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS G. CONTRERAS-BUSTILLOS,

Plaintiff - Appellant,

v.

COUNTY OF YELLOWSTONE;
YELLOWSTONE COUNTY DETENTION
FACILITY; Officer AIELLO; JOHN AND
JANE DOES,

Defendants - Appellees.

No. 24-2383

D.C. No. 1:23-cv-00107-SPW-TJC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 18, 2025[**]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Luis G. Contreras-Bustillos appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging an excessive force claim under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fourteenth Amendment arising during his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Contreras-Bustillos's action because Contreras-Bustillos failed to allege facts sufficient to show that the officer's use of force was objectively unreasonable. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (an excessive force claim requires the pretrial detainee to show that "the force purposely or knowingly used against him was objectively unreasonable"); *Bell v. Williams*, 108 F.4th 809, 819 (9th Cir. 2024) (setting forth factors to consider in determining whether the use of force against a pretrial detainee was objectively unreasonable).

The district court did not abuse its discretion in denying Contreras-Bustillos's motions for relief from judgment because Contreras-Bustillos failed to establish a basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 60(b)).

The district court did not abuse its discretion in denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide*

*Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

**AFFIRMED.**